IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES SIMON, #K-52702, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 13-521-GPM |
| | ) |
| SHAWNEE CORRECTIONAL CENTER, | ) |
| WARDEN MARTIN, WARDEN | ) |
| HILLIARD,  MAJOR DENNISON, I/A | ) |
| GRISSOM, LT. QUIGLEY, SGT. CAPEL, | ) |
| SGT. CAMPBELL, SGT. FOLSEM, | ) |
| MOLINA, and UNKNOWN PARTIES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff James Simon, currently incarcerated at Hill Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. §§ 1983.  However, as explained in greater detail below, Plaintiff's complaint violates the pleading requirements of the Federal Rules of Civil Procedure.  As such, Plaintiff's complaint is dismissed without prejudice and with leave to amend.

## The Complaint

On June 5, 2013, Plaintiff filed with this Court a 43-page complaint, along with a 291-page exhibit (Doc. 1).   Plaintiff named ten known and numerous unknown defendants, including every officer, sergeant, and lieutenant working in segregation, all counselors and their supervisor, all law librarians and their supervisor, all counselors and their supervisor, and the grievance counselor.

The complaint appears to consist of a table of contents, which refers to dozens of grievances filed by Plaintiff on various topics, including but not limited to: the lack of air conditioning, unsanitary cell conditions, his placement in segregation based on false disciplinary charges, the denial of access to education programs and the law library, and the denial of personal hygiene items. Plaintiff also claims prison officials refused to provide him with grievance forms, to respond to his grievances, to send out his mail, to give him money vouchers, or to protect him from other inmates. The voluminous exhibit includes those grievances listed and described in the complaint, as well as additional documents. The complaint contains no request for relief.

**Legal Standard**

Rule 8 dictates that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Even affording Plaintiff's complaint the liberal construction that a *pro se* pleading deserves, the complaint is in clear violation of the pleading requirements, and the Court cannot shoulder the full burden of fashioning a viable complaint for a *pro se* plaintiff.

The complaint, at 43 pages, is overly-long. However, despite its length, the complaint does not contain sufficient factual allegations, and it appears that the 291 page exhibit attached to the complaint is meant to stand in lieu of meaningful allegations. For some of the incidents at issue, Plaintiff indicates that he wrote a grievance, letter, or request, but provides absolutely no factual allegations regarding the incident. For other incidents, Plaintiff states the basis for his complaint and makes conclusory assertions, but provides no facts to actually suggest that his constitutional rights have been violated. or mention any defendants by name. For example, Plaintiff stated "I wrote this grievance to the school asking wheir [sic] am I at on the waiting list," and asserted that "personnel at these facilities are making sure the inmates do not get an education" (Doc. 1, p. 16). To find the grounds supporting Plaintiff's claims, the Court and defendants must sift through the exhibit to find the relevant grievance, which may or may not contain actual facts. This style of pleading violates Rule 8 requirement of "a short and plain statement of the claim. It also robs defendants of fair notice regarding which actions are actually alleged to be illegal, and which defendants were or are personally involved in the wrongdoing. And it leaves the Court to fill in too much on its own, which is beyond liberally construing a *pro se* complaint.

Additionally, based on the Court's reading of the complaint, it appears that Plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, "[u]nrelated claims against different defendants belong in different suits," in part to prevent prisoners from dodging filing fees or the three strikes provision in the Prison Litigation Reform Act. *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an

opposing party." FED. R. CIV. P. 18(a). Under Rule 20(a)(2), defendants may be joined in one action only if the Plaintiff asserts a "right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Thus, under these rules, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607.

Because Plaintiff's complaint is too lengthy and unclear for either the Court or defendants to manage, it shall be dismissed without prejudice. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed.R.Civ.P. 8(a) is permitted . . . ."); *Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) ("A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation;"), *citing Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994).

However, Plaintiff shall be granted leave to file an amended complaint. When filing his amended complaint, Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should also bring separate, unrelated claim in separate actions. This may include filing actions in another judicial district. As the events giving rise to this action occurred in 2012, it does not appear that Plaintiff faces an impending statute of limitations deadline. Therefore, he should not be prejudiced by the dismissal of these claims, but he should be mindful of the applicable deadlines when considering whether to file a new lawsuit in the proper district.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure.   Plaintiff is **GRANTED** leave to file his amended complaint **on or before August 13, 2013.**

Should Plaintiff fail to file an amended complaint within the allotted time, dismissal will become with prejudice.   FED. R. CIV. P. 41(b).   *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff wish to file an amended complaint within the allotted time, it is strongly recommended that he use the forms designed for use in this District for such actions.   The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.   Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors.   Plaintiff should refrain from filing unnecessary exhibits.   Plaintiff should *include only related claims* in his new complaint.   Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.   To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.   *See* 28 U.S.C. § 1915(b)(1);

*Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed.R.Civ.P. 41(b).

**IT IS SO ORDERED.**

DATED: July 9, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge